SUMITOMO BANK, LTD., by WILLIAM R. WHITE, as Superintendent of Banks of the State of New York as Liquidator of the Business and Property in New York of said Bank, Plaintiff, *v.* A. L. TUSKA SON & CO., INC., Defendant.

YOKOHAMA SPECIE BANK, LIMITED, by WILLIAM R. WHITE, as Superintendent of Banks of the State of New York as Liquidator of the Business and Property in New York of said Bank, Plaintiff, *v.* A. L. TUSKA SON & CO., INC., Defendant.

Supreme Court, Special Term, New York County, January 18, 1943.

*Saul E. Rogers* for defendant.

*Edward Feldman* for plaintiffs.

McLAUGHLIN, J. This is an application by the defendant for an order staying plaintiffs from proceeding further in this action until three months after the restoration of peace between the United States and Japan. The plaintiffs in opposing the motion assert that there is no defense to the cause of action and that plaintiffs on the law are entitled to judgment The only defense claimed by defendant is that the plaintiffs are not *bona fide* holders for value, being merely agents for collection of the Japanese shippers with whom the defendant did business. Defendant

asserts that it had made agreements with these Japanese shippers under which the defendant was to be released from its obligation on the drafts if certain eventualities occurred and that these eventualities having actually occurred the defendant is released. Defendant argues that the plaintiffs are in the same position as the shippers and that therefore the defense is good against them.

The facts submitted by the defendant upon which it bases its defense are, to say the least, very sketchy and not so substantial as to move this court to grant the relief asked without affording some protection to the plaintiffs as the representatives of American creditors. The defendant asserts that it has faith in its defense and it may be that defendant will be able to establish it upon the trial. If in fact this motion is made in good faith and the defendant does believe in the merits of its defense, then it should be willing to furnish a bond.

Motion is granted upon condition that defendant furnish a surety company bond sufficient in amount to cover any possible recovery by the plaintiffs. Such bond should be furnished within ten days after the service of a copy of the order hereon with notice of entry. Otherwise this motion is denied.

Settle order.